1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VA RANCHO MIRAGE I, INC., a Colorado corporation, and VA RANCHO MIRAGE RESORT, L.P., a Delaware limited partnership,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF RANCHO MIRAGE, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV 08-02106 AHM (MANx)<br>Hon. A. Howard Matz<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**Complaint Filed:  March 28, 2008** |
| CITY OF RANCHO MIRAGE,<br><br>　　　　　Counterclaimant,<br><br>　　vs.<br><br>V.A. RANCHO MIRAGE RESORT, L.P., a Delaware Limited Partnership; and V.A. RANCHO MIRAGE I, INC. and ROES 1 through 50, inclusive,<br><br>　　　　　Counterdefendants. | |

215422_1.DOC

Stipulated Protective Order

Having reviewed the Stipulation to Entry of Protective Order agreed to between plaintiffs and counterdefendants VA Rancho Mirage I, Inc. and VA Rancho Mirage Resort, L.P. (VA Rancho) and defendant and counterclaimant City of Rancho Mirage (the "City"), through their respective attorneys of record, and to protect the confidentiality of information obtained by the parties in connection with this case,

IT IS HEREBY ORDERED:

1. Any party may designate as Confidential Material (by stamping the relevant page "CONFIDENTIAL" or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving trade secrets, or confidential business or financial information. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. A document or group of documents produced in computer-readable form, for which marking of each page as "CONFIDENTIAL" is not feasible, may be designated as Confidential Material in a separate writing that unambiguously describes the document or documents. Any party or non-party may designate as Confidential Material any document produced by any non-party. On or before twenty (20) days after the entry of this Stipulated Protective Order, any party may designate as Confidential Material any document produced before the entry of this Stipulated Protective Order, and such designation shall be deemed to have been made under the terms of this Stipulated Protective Order. The parties agree that any document designated as Confidential Material prior to the entry of this Stipulated Protective Order shall be disclosed only as provided in paragraphs 3 and 4, below, subject to any party's right to challenge the designation provided in paragraph 8, below once this Stipulated Protective Order has been entered.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Material by so

indicating in the response to the written discovery or, if during a deposition, so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material.

3. Any document or information identified as Confidential Material shall only be disclosed as follows:

(a) to counsel for the parties and their associates, legal assistants, or other support employees in order to conduct this litigation;

(b) to officers, directors, agents, or employees of the parties to the extent necessary to conduct this litigation;

(c) to experts or consultants retained for the conduct of this litigation;

(d) to any prospective or actual deponent or trial witness, whether or not he or she has previously seen or learned such Confidential Material before this litigation commenced, in order to testify or to prepare for giving testimony;

(e) to court reporters, their staff, employees, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) to the Court and authorized Court personnel; and

(g) to the author of the document or the original source of the information.

Before disclosing Confidential Materials to any person in categories (c) or (d) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she has read and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A.

4. Notwithstanding any other provision herein, Confidential Materials may be released as otherwise required by law, including but not limited to the

Federal Freedom of Information Act and the California Public Records Act. If the City receives a request for the release of Confidential Materials that the City determines is subject to production, the City shall immediately notify VA Rancho in writing. VA Rancho shall then have the right to seek a protective order from the appropriate court within five (5) calendar days. Failure to obtain a protective order within five (5) calendar days will result in the specified Confidential Materials being released.

5. For purposes of this Stipulated Protective Order, the term "document" means all written, recorded, or graphic material, including electronic media, whether produced or created by a party or another person, and whether produced pursuant to document request, subpoena, by agreement, or otherwise.

6. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Material shall be deemed Confidential Material; to the extent feasible, all such papers shall be prepared in such a manner that any Confidential Material referenced therein is bound separately from information that is not entitled to protection as Confidential Materials.

7. Confidential Materials shall not be used for any purpose other than the conduct of this lawsuit, including appeals, and shall not be disclosed in any way to any other person beyond those described in paragraphs 3 and 4 above, nor shall Confidential Materials or their contents be publicized in any manner.

8. If a dispute arises as to the designation of documents or information as Confidential Materials, the parties agree to attempt to resolve the issue in good faith. Should a party object to the designation of documents or information as Confidential Materials, it shall provide the other party with a writing describing the objection. Within twenty-one (21) days of providing such objection, and only after the parties have been unsuccessful in their good faith attempt to resolve the objection, the objecting party shall have the right to file a motion or an *ex parte*

application with the Court seeking a determination that the designated documents or information are not subject to the protection as Confidential Materials. Disputed documents and information shall be treated as Confidential Materials while this motion or application is pending. In the event such a motion or application is filed, the party asserting that a document or piece of information is entitled to protection shall bear the burden of establishing that fact. The failure of the objecting party to timely file a motion or application shall result in the subject documents or information being deemed Confidential Materials.

9. The inadvertent production of any private, sensitive, proprietary or confidential document or information without designation as Confidential Material shall not constitute a waiver of the rights of a party subsequently to designate such document or information as Confidential Material or otherwise to assert confidentiality with respect to any document or information. Any document or information designated as Confidential Materials at any time shall be treated, to the extent possible, as if it had been designated as Confidential Materials when first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of a document and any copy has been designated as Confidential Material, all copies shall be treated as Confidential Material. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular document or information by a party as Confidential Materials shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

10. For applications and motions to the Court in which a party submits Confidential Materials, the parties shall follow the procedures set forth in this Court's Local Rule 79-5.1 to request that the Confidential Materials be filed under seal. The failure of a party or a non-party to file an application to seal in accordance with Local Rule 79-5.1 shall not operate as or result in a waiver of the right of any party or a non-party to designate or seek to have the documents or

information at issue treated as Confidential Materials for other purposes.

11. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, all Confidential Materials and all available copies, summaries, compilations, abstracts or any other document setting forth the contents of any Confidential Materials shall be returned or destroyed.

12. Nothing in this Stipulated Protective Order precludes a party which has designated its own documents or information as Confidential Materials from using any such document or information as such party sees fit. A party's disclosure of its own documents or information shall not be deemed a waiver of the designation of such documents as Confidential Material.

13. Nothing herein shall be deemed to waive or in any way affect any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. This Stipulated Protective Order does not govern, and is not intended to govern, the use of Confidential Materials at trial in this action. The use of Confidential Materials at trial in this action is a subject that the parties intend to address with the Court at the appropriate time.

Dated: April 6, 2009

_____/s/_____
HONORABLE MARGARET A. NAGLE
United States Magistrate Judge

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares, subject to the penalty of perjury, that he or she has received a copy of the Stipulated Protective Order in the matter of *VA Rancho Mirage I, Inc. et al. v. City of Rancho Mirage*, United States District Court for the Central District of California, Case No. CV 08-02106 AHM (MANx), has read such Stipulated Protective Order, agrees to be bound by all of its terms, and further agrees that the United States District Court for the Central District of California may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

Dated: _____

                                                                       [Print Name]

                                                                       [Signature]